Judge’s Report of Testimony. — Mr. J A. Miller, City Marshal, sworn. On the 3d April hist, as he ivas walking down Market-street, with Mr. Wish, he saw a number of negroes at and about the shop of Mr. Schroder; and particularly, they remarked five negroes go into a shed-room, and Mr. Shroder immediately went in after them, and took a decanter of whiskey with him. Witness and Mr. Wish, (who was also a city marshal,) forced into the door of this shed-room, where they found three of the negroes sitting at atable, with liquor in some tumblers, and the decanter nearly empty. They then ran off by a back-room door into a yard. Schroder is a retailer ofliquors. To the best of his knowledge, the negroes were all slaves ; the room smelled of liquors ; Schroder said the negroes came to look at some cod fish he had for sale; it was about eight o’clock in the evening.
On his cross-examination, he said he did not see the defendant sell any liquor, or the negroes pay any money for liquor.
Richard Wish, Was present with Mr. Miller, and saw Mr. Schro- *66 der and three negroes; there were tumblers on a table with liquor, and a pitcher oí water. The negroes ran off as soon as they went into the room.
On his cross-examination, Mr. Wish said he did not see the ne--groes drink any liquor. Defendant said they had come to see some cod fish he had for sale.
For Defendant. Lushington Pritchard, was at Schroder’s between eight and nine o’clock that night, when Miller and Wish came in. There were no liquors sold there that night, only some molasses to a negro boy,
Jacob Runner. Was at Schroder’s that night, when Mr. Wish attempted to come in. Some molasses was delivered to a negro boy; but there was no liquor sold or delivered to negroes there, that night.
Mr. BaiI/EY, for the prosecution, quoted the first clause of the negro act, which declares all negroes as slaves, till the contrary is proved.
From the foregoing testimony, the jury found a verdict of guilty against the defendant.
There were two other indictments given out against, defendant, on which similar verdicts were found, as they all depended on the same testimony.
The State vs. Jacob Schbodek. Same vs. Same. Same vs. Same.
Indictments each on four counts, respectively, for delivering, selling, exchanging, and giving spirituous liquors “ to a slave of a person and name unknown.”
Verdict on each indictment, “ Guilty on the first count-”

Grounds of Appeal.

In Arrest of judgment* — 1, Because neither the name of the slave, nor of his owner, is given in either indictment.
2. Because even if the rule of law, relative to persons whose names are unknown, be applicable to a case of delivering liquor to a slave, the description in the present indictments, to wit, “ a slave of a person and- name unknown,” is an insufficient compliance with that rule.
3. Because the count on which the defendant was-convicted, should have alleged him to have been both- “ a vendor and retailer” of spirituous liquors, instead of “ a vendor” alone.
4. Because the defendant should have been described in the indictment, as “ a free white person.”
5. Because three several indictments were simultaneously preferred against the defendant, for one and the same offence, on all of which he was found' guilty under the first count, which is identical in each.
For a new trial. — 1. Because there was no proof that the negroes, to whom liquors were delivered, were slaves; thé witnesses,. Miller and Wish, both admitting that they did not know whether they were bond or free. ...
2. Because the defendant has been convicted on three indictments for one and the same offence.
YEADON & MACBETH, Defendant's Attorneys.
3. Because it was impossible for the jury to identify any one slave under any one indictment, the witnesses themselves declaring, that they could not swear which slave was intended by the indictments, respectively.
4. Because the jury found their verdict contrary to the charge of the judge, he having charged them that they ought not, at all events, to find the defendant guilty on more than one indictment.
5. Because the verdict was, in other respects, contrary to law and evidence.